UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Tina M. Chaney | § § § § § § § § § § § | Civil Action No. 5:19-cv-892 |
| v | | |
| Diversified Consultants, Inc. | | |

Complaint

Introduction

1. The Fair Debt Collection Practices Act was enacted to stop debt collectors from harassing, abusing, and making misrepresentations to and about consumers. Congress found that these practices led to the job loss, the number of personal bankruptcies, invasions of privacy, and marital disharmony.

2. The FDCPA and Texas Finance Code prohibit debt collectors from engaging in debt collection after a consumer disputes a debt and before it responds to the dispute. 15 U.S.C. § 1692g(b) and Tex. Fin. Code § 392.202. This prevents inaccurate information from clouding a consumer's credit report.

3. Plaintiff brings this action for Defendants violation of the FDCPA and Texas Finance Code and seeks actual damages, statutory damages, attorney's fees, and costs.

Jurisdiction & Venue

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

5. Supplemental jurisdiction for Plaintiff's state law claims arises under 15 U.S.C. § 1367.

6. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

Parties

7. Plaintiff, Tina Chaney, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

8. Defendant, Diversified Consultants, Inc., is a Texas corporation who may be served via its registered agent Aaron L. Lancaster at 17110 Dallas Parkway, Suite 210, Dallas, Texas 75248.

9. Diversified is regularly engages in the collection of defaulted debts by use of the mails, internet, and other means of interstate commerce.

Facts

10. Chaney is a retired member of the United States Air Force.

11. Chaney called AT&T to setup service for her home.

12. AT&T offered her U-Verse services and charged her a fee of approximately $125.

13. AT&T soon learned that it would not be able to provide the level of service to Chaney that they had described.

14. Because it could not provide the service it promised, AT&T offered to refund the fee.

15. However, AT&T never properly processed this set of transactions.

16. AT&T believed that Chaney still owed the fee and after the refund, had never paid it.

17. Chaney went back and forth with AT&T with text-messages, phone calls, and online chats.

18. Chaney spent hours on the phone with AT&T and in April of 2019 believed she had resolved all the issues.

19. AT&T believed that it was still owed the fee and turned it over to Diversified for collections.

20. Diversified sent Chaney collection letters and reported the fee as delinquent on her credit report.

21. Chaney disputed the debt with Diversified.

22. Diversified sent a letter stating that they were still investigating the dispute but they continued to report the debt as delinquent.

23. Diversified's credit reporting caused Chaney's credit score to decline.

24. Out of frustration and in an effort to recover her credit score, she paid the disputed debt.

First Cause of Action – Fair Debt Collection Practices Act

25. Diversified is a debt collector as defined by 15 U.S.C. § 1692a(6).

26. The debt is a debt as defined by 15 U.S.C. § 1692a(5).

27. Chaney is a consumer as defined by 15 U.S.C. § 1692a(3).

28. Diversified's credit reporting is a communication as defined by 15 U.S.C. § 1692a(2).

29. Diversified violated the FDCPA in that it:

   a. Made a false representation of the character, amount, or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(a);

   b. Communicated credit information which it knew to be false in violation of 15 U.S.C. § 1692e(8);

   c. Used false representations and deceptive means to collect a debt or obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

   d. It continued its collection efforts after receiving a dispute and before responding to it in violation of 15 U.S.C. § 1692g(b).

Second Cause of Action –Texas Finance Code Chapter 392

30. Chaney is a consumer as defined by Tex. Fin. Code § 392.001(1).

31. The debt is a consumer debt as defined by Tex. Fin. Code § 392.001(2).

32. Diversified is a third-party debt collector as defined by Tex. Fin. Code § 392.001(7).

33. Diversified's credit reporting is as act of debt collection as defined by Tex. Fin. Code § 392.001(5).

34. Diversified violated Chapter 392 of the Texas Finance Code in that:

    a. It failed to cease credit reporting in response to Chaney's dispute letter in violation of Tex. Fin. Code § 392.202(d);

    b. It misrepresented the character, extent, or amount of a consumer debt in violation of Tex. Fin. Code § 392.304(a)(8); and

    c. It used false representations or deceptive means in collecting a debt in violation of Tex. Fin. Code 392.304(a)(19).

Jury Demand

35. Plaintiff demands this case be tried before a jury.

Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendant and in favor of Plaintiff for:

a. Actual damages per 15 U.S.C. § 1692k(a)(1);

b. Statutory damages per 15 U.S.C. § 1692k(a)(2);

c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3);

d. Actual damages per Tex. Fin. Code § 392.403(a)(2);

e. Statutory damages per Tex. Fin. Code § 392.404(e); and

    f. Attorney's fees, costs, and litigation expenses per Tex. Fin. Code § 392.403(b).

Dated: July 26, 2019

Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com